## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MADGE C. WARD,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION and TARGET STORES, INC.,<br><br>    Defendants. | No. 3:12-cv-431 (MPS) |

### RULING AND ORDER

Plaintiff Madge Ward ("Plaintiff") has brought this suit sounding in negligence against Defendants Target Corporation and Target Stores, Inc. (the "Defendants") claiming that she suffered injuries as a result of falling on a rolled concrete curb outside of the front entrance of a Target store located in Waterbury, Connecticut. Defendants argue that the expert report and testimony of Plaintiff's expert, Michael A. Shanok, P.E., must be excluded because his opinions are not based on sufficient facts or data and are not the product of reliable principles and methods. Defendants further argue that Plaintiff needs expert testimony to establish that the premises are defective, and that, without it, they are entitled to summary judgment. For the reasons stated herein, Defendants' motions in limine and for summary judgment are denied.

<u>Motion in Limine</u>

Federal Rule of Evidence 702 governs testimony by expert witnesses. "The Second Circuit and courts within this circuit have liberally construed expert qualification requirements." *TC Sys. Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 174 (N.D.N.Y. 2002) (*citing United States v. Brown*, 776 F.2d 397, 400 (2d Cir. 1985) (qualification requirements of Rule 702 "must be read in light of the liberalizing purpose of the rule")). As set forth in the advisory

committee's notes for the 2000 Amendments to Rule 702, "[n]othing in this amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge, skill, training or education – may not provide a sufficient foundation for expert testimony."

Plaintiff retained Mr. Shanok to "investigate and analyze the circumstances" surrounding Plaintiff's injuries at the Waterbury Target Store.  (Shanok Aff. [doc. # 62-1], Ex. B at 1.) According to his affidavit, Mr. Shanok earned his Bachelor's degree in Mechanical/Electrical Engineering and Naval Science from the United States Naval Academy in 1960.  He is a Registered Professional Engineer in the states of Connecticut and Massachusetts and has had "temporary engineering permits in twenty-six (26) states and four (4) foreign countries." Further, Mr. Shanok has "over forty (40) years of experience as a mechanical, electrical, structural and safety engineer, including experience with video and photogrammetric analysis, accident investigation, analysis, reconstruction and safety auditing."  (Shanok Aff. ¶¶ 2-3.)

As part of his investigation of this case, Mr. Shanok interviewed Plaintiff, he examined, measured, and photographed the location where she fell on two separate occasions, and he reviewed and analyzed the surveillance video taken of Plaintiff's fall at the Waterbury Target store.  (Shanok Aff. ¶ 4, Ex. B, Ex. C.)  He also reviewed a variety of materials, including Target's Developer Guide, the Federal Highway Administration's Guide to Design and Application of Sidewalks and Driveway Crossings, the American Society of Planning Officials' Information Report #95 (February, 1957): "Sidewalks and Suburbs," and various internet bulletin board postings relating to the use of rolled curbs.  Further, Mr. Shanok spoke to building officials from the City of Waterbury and other Connecticut municipalities where Target stores have been built with rolled curbs, as well as with state and municipal highway design specialists in other states where rolled sidewalks are common.  (Shanok Aff., Ex. B at 1.)

Based on the foregoing, and based on his education, training, background and experience in engineering and safety, Mr. Shanok provided the following opinions in a report dated February 28, 2012 and in an addendum to that report dated October 23, 2013:

"1.   The characteristics of a rolling curb cause its use for constant pedestrian traffic, in either direction perpendicular to its length, to have a propensity to be unreasonably dangerous to those individual pedestrians due to its proclivity to cause an air step in the descending direction and a trip hazard in the ascending direction;

2.   For reasons cited in the previous subparagraph, the use of a rolling curb between the front sidewalk and the parking lot surface of a venue such as a mercantile, commercial or public building is imprudent because it presents a prospective hazard to every person who crosses it;

3.   The parties that caused a rolling curb to be constructed and maintained at the involved Target store were negligent, in that they created and allowed an air step hazard in the form of a rolling curb to be constructed along the sidewalk in front of the involved premises, and their negligence was the proximate cause of Madge Ward's fall and resulting injuries on April 6, 2010."

(Shanok Aff., Ex. B at 6.)

Defendants challenge these opinions on several grounds arguing that they are not based on sufficient facts or data and are not the product of reliable principles and methods.  None of these arguments have merit.

First, Defendants claim that "Mr. Shanok incorrectly identified the area of the Plaintiff's fall in his expert report, observed the contours and measurements of an incorrect area, and based his opinions in this matter upon observations, measurements and calculations of an incorrect and irrelevant exterior portion of the premises."  This, Defendants argue, is an "insurmountable, foundational flaw in his expert analysis," and requires the preclusion of his expert report and testimony.  Plaintiff counters, however, that Mr. Shanok did measure the correct area.  In his affidavit, Mr. Shanok states that after drafting his initial report, he reviewed the complete surveillance video depicting Plaintiff's fall, evaluated the video utilizing three different software

applications, and revisited the site to take additional measurements and photographs.  Based on this follow-up investigation, Mr. Shanok states that he confirmed his initial measurements were correct and that Plaintiff fell "approximately 11 feet 4 inches to the west of the west edge of the ramp leading to the store entrance which is five feet west of the point" where Defendants' experts claim she fell.  (Shanok Aff. ¶¶ 4-19; Ex. C ¶¶ 3-4.)

All that the foregoing demonstrates is that the parties have competing experts who disagree as to the circumstances underlying the subject incident, or interpret those circumstances differently.  This disagreement does not mean that Mr. Shanok's report and testimony are not based on accurate or sufficient facts or that the expert failed to use reliable principles and methods.  Accordingly, the motion to preclude is denied.  To the extent that Defendants believe Mr. Shanok measured the wrong area, they may attack his conclusions through cross-examination.  *See, e.g.*, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.")

Second, Defendants argue that Mr. Shanok's report and testimony should be precluded because he has no personal or professional experience with rolled curbs and he did nothing to confirm the reliability of the materials he reviewed or the engineers he spoke with in formulating his opinions.  This argument fails for two reasons.  First, although Mr. Shanok admittedly has no specific experience with rolled curbs, he is entitled to rely on his education, his forty (40) years of experience as a professional engineer, and his general knowledge of engineering and safety principles to evaluate the particular facts of this case.  Second, Mr. Shanok is permitted to base his expert opinion on hearsay evidence.  *See Daubert*, 509 U.S. at 592 ("an expert is permitted

4

wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."); Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert *has been made aware of* or personally observed.") (emphasis added).  Here, Mr. Shanok based his conclusions on a combination of his own personal observations, his own experience and knowledge, and his review of various materials and conversations with other engineering and design professionals.  These are the types of facts or data upon which an expert would reasonably rely.  *See* Fed. R. Evid. 703.  To the extent that Defendants question the steps Mr. Shanok undertook to confirm the accuracy of the hearsay materials he relied upon, this is fodder for cross-examination.

Third, Defendants claim that Mr. Shanok's "opinion" that the use of a rolled curb on an accessible route violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, should be precluded because it is irrelevant and unfairly prejudicial.  Mr. Shanok states in one sentence of his six page initial report that the use of a rolled curb "on an accessible route is in violation of ADA design standards."  In his addendum to that report, Mr. Shanok clarified that he "did not state that *Target's use* of a rolled curb violates ADA standards, nor did [he] state that *Target uses* a rolled curb on an accessible route."  (Shanok Aff., Ex. C ¶ 7(a) (emphasis added); *see also* Ex. G., Shanok Depo. at 46.)  To be admissible, expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."  *United States v. Jakobetz*, 955 F.2d 786, 796 (2d Cir. 1992) (citation omitted).  The Court finds that although the evidence's relevance to the facts of this case are marginal, the risk of undue prejudice is low given that the statement, on its face, does not concern the rolled curb in issue and Mr. Shanok clarified as much in the addendum to his report.  *See id.* at 797 ("the jury is intelligent enough, aided by counsel, to

ignore what is unhelpful in its deliberations.") (quoting Weinstein's § 702.03).  Accordingly, the motion to preclude this evidence is denied.

Fourth, Defendants argue that Mr. Shanok's opinion that the rolled curb constitutes an "air step" is based upon an unsound methodology and insufficient facts and, even it were not, the opinion should still be precluded because Mr. Shanok failed to properly apply the methodology to the facts of the case.  The Court disagrees.  Mr. Shanok's opinion is based on a sound methodology.  As detailed above, his opinion is based on his own personal observations and measurements of the location where Plaintiff fell and his knowledge, education, and experience as a safety engineer.  Further, Mr. Shanok's opinion is based on sufficient facts.  Although Defendants claim that Mr. Shanok based his opinion on a review of an incomplete sequence of images distilled from the surveillance video of the fall, Mr. Shanok disagrees and attests that he "reviewed the complete and full sequence of video images on the Video." (Shanok Aff. ¶ 4; *see also* Shanok Aff., Ex. C ¶ 3 ("[t]he writer did analyze the complete sequence of images from the surveillance video . . ..").  Again, the completeness of Mr. Shanok's review is a matter for the jury to decide.  Further, Mr. Shanok properly applied the methodology to the facts of this case.  Although Mr. Shanok explained that an "air step most often occurs when the vertical distance between the two surfaces is between ¾ and 3 inches," and the vertical step of the rolled curb at issue is 3.2 inches, he further explained that the rolled curb is "an atypical condition, because the 23 ½ inch horizontal distance between its upper and lower edges is so wide that an individual who is exercising reasonable care can easily misjudge the 3.2 vertical distance between them." (Shanok Aff., Ex. B ¶ 8.)  Thus, he properly applied the methodology to the facts of this case.

Lastly, Defendants argue that Mr. Shanok's "opinion" that it is "statistically certain" that the rolled curb constitutes "a hazard that will cause many minor missteps, a moderate number of

air steps and/or trips resulting in inconsequential injuries, a few serious injuries, and very occasionally a serious or disabling injury," should be precluded because it is based on an analysis of Heinrich's safety pyramid which is an unreliable methodology.  First, it is unclear the extent to which Mr. Shanok actually relied on this "methodology" in rendering his opinions in this case. Although Mr. Shanok discusses the safety pyramid in his expert report, he refers to it generally as a "concept," and states that Heinrich's original figures "are very subjective and are solely for purposes of conceptualizing its premise, as the proportions and gravity of injuries related to exposure to each particular hazard will vary greatly."  (Shanok Aff., Ex. B ¶ 7; Ex. G, Shanok Depo. at 71-72.)  Second, although Defendants cite one scholarly article as the basis for their claim that the safety pyramid is an unreliable methodology, Mr. Shanok contends that the concept has been validated by empirical studies, that he knows of no comprehensive research that has invalidated the concept, and that the principle was "discussed at length" in connection with a peer-reviewed paper he drafted and presented at a conference of the American Society of Engineers in 2009.  (Shanok Aff., Ex. C ¶ 7(g); Ex. G, Shanok Depo. at 68-73.)  The Court finds that Defendants have not met their burden of demonstrating that Mr. Shanok's opinion is based on an unreliable methodology.  To the extent that Defendants question the validity of the safety pyramid, they may explore this issue through cross-examination.

For all these reasons, the Motion in Limine is denied.

<u>Motion for Summary Judgment</u>

Because the Motion in Limine is denied for the reasons set forth above, the Court finds that there are disputed issues of material fact regarding whether the rolled curb was defective and, therefore, denies the Motion for Summary Judgment.

IT IS SO ORDERED.


_____/s/_____

Michael P. Shea, U.S.D.J.


Dated:        Hartford, Connecticut
              June 4, 2014